IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE BANK OF NEW YORK MELLON,
formerly known as the Bank of New York
on behalf of CIT Mortgage Loan Trust 2007-1,

                Plaintiff,

    v.

JOHN A. GLAVIN, GABRIELLE GLAVIN,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
UNIFUND CCR PARTNERS, CITIBANK (SOUTH DAKOTA) N.A.
and UNITED STATES OF AMERICA,

                Defendants.

ORDER

19-cv-1042-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant John Glavin has filed a notice of removal of a state foreclosure action filed in the Circuit Court for Juneau County, Wisconsin. This is Glavin's fifth attempt to remove this case to federal court. Case Nos. 10-cv-765-bbc; 14-cv-883-bbc; 16-cv-349-bbc; 18-cv-1038-bbc. (Gabrielle Glavin joined in the previous attempts.) As with his previous removal attempts, Glavin has not identified any legitimate basis for removing the 10-year old foreclosure case to federal court. Glavin contends that recent developments in the foreclosure action justify removal, but he does not explain why such alleged developments permits him to remove this state court action under 28 U.S.C. § 1441. His failure to show a legitimate legal basis for removal means that the case must be remanded yet again. Therefore, I will grant plaintiff The Bank of New York Mellon's motion to remand.

1

Plaintiff has asked that the court sanction John and Gabrielle Glavin for filing frivolous removal notices and for failing to pay plaintiff the attorney fees ordered in previous removal actions.  At this point, John and Gabrielle Glavin owe plaintiff $1,419 in attorney fees for the previous removal actions.  Plaintiff also requests that the court impose a monetary sanction on the Glavins and prohibit them from filing any more federal documents for two years and until they pay the fees owed to plaintiff.

I conclude that a sanction is appropriate in this case, though I will impose a sanction slightly different from the sanction proposed by plaintiff.  I will award plaintiff attorney fees under 28 U.S.C. § 1447 to compensate plaintiff for the motion to remand it filed in this case.  Going forward, this court will not consider any new cases, motions or other documents filed by John or Gabrielle Glavin relating to the state court foreclosure proceedings, unless the Glavins are responding directly to a court order.  The court will remand sua sponte and without discussion any future removals filed by the Glavins of the state court foreclosure action.  Finally, John and Gabrielle Glavin will be barred from filing any new cases in this court until they show that they have paid off all of the attorney fees owed to plaintiff.


ORDER

IT IS ORDERED that

1.  Plaintiff Bank of New York Mellon's motion to remand this case, dkt. #4, is GRANTED.  The clerk of court is directed to remand the case to the Circuit Court for Juneau County.

2. Plaintiff's motion for an award of actual expenses, including attorney fees, is GRANTED. Plaintiff may have until March 20, 2020, to file an itemized statement of the actual expenses it has incurred, including attorney fees, in opposing defendant's removal of this case to federal court. Defendant John Glavin may have until March 27, 2020, in which to file his opposition to the amount of fees sought. No reply brief is necessary.

3. As a sanction, defendants John Glavin and Gabrielle Glavin are barred from filing any new cases in this court until they show that they have paid all of the attorney fees owed to plaintiff.

Entered this 11th day of March, 2020.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge